**Gurcharan Singh BAIDWAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72643.

Agency No. A76–846–017.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2004.*

Decided Feb. 18, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**32**

Earle A. Sylva, Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Tracey Hardin, Douglas E. Ginsburg, Ernesto H. Molina, Jr., DOJ— U.S. Department of Justice, Washington, DC, for Respondent.

Before RYMER, HAWKINS, and BYBEE, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM**

Gucharan Singh Baidwan, a native and citizen of India, petitions for review of the summary affirmance by the Board of Immigration Appeals of the denial of his application for asylum, 8 U.S.C. § 1158(a), withholding of removal, 8 U.S.C. § 1231(b)(3), and relief under the Convention Against Torture, 23 I.L.M. 1027, 1028 (1984) (as implemented by 8 C.F.R. § 208.16). As this is a streamlined case, we review the decision of the immigration judge (IJ). 8 C.F.R. § 1003.1(a)(7). We deny the petition.

We review the IJ's decision to see if there is substantial evidence to support it. *INS v. Elias–Zacarias,* 502 U.S. 478, 483– 84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). This court may reverse the IJ's factual findings only if "a reasonable factfinder would be compelled to find the petitioner eligible for the relief sought." *Gomez– Saballos v. INS,* 79 F.3d 912, 914 (9th Cir.1996).

Baidwan argues that his asylum application should be granted because his testimony established persecution. However, the IJ made an adverse credibility determination about Baidwan's testimony. A credibility finding must be based on specific, cogent reasons. *Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003). We must affirm a credibility determination if "it is based on serious inconsistencies in the applicant's testimony that go to the heart of his application." *Id.*

Here, the IJ pointed to a number of inconsistencies and explained why she found Baidwan's testimony unbelievable because of them. For example, Baidwan contradicted himself about the duration and dates of his fourth arrest, which

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

played a central role in Baidwan's asylum claim. The IJ also relied upon discrepancies in Baidwan's account of an election that took place in Punjab in February 1997. This, finding too, is supported in the record because Baidwan was unaware that the leader of the Akali Dal (Mann) Party had run as a candidate in this election despite claiming to be active in Akali Dal campaigns. A reasonable trier of fact would not be compelled to conclude otherwise.

In addition, the IJ found that Baidwan's demeanor tended to show that he was not truthful. We give " 'special deference' to a credibility determination that is based on demeanor." *Singh–Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir.1999). The IJ based this finding upon her observation that Baidwan became increasingly uncomfortable and nervous on cross-examination, and when confronted with discrepancies, he evaded issues, tried to conform his answers to the phrasing of questions, asked for a recess, and could not explain inconsistencies. We cannot say that the record compels a contrary finding. *See Elias–Zacharias*, 502 U.S. at 481 n.1.

Without credible testimony, there was no basis upon which to find that Baidwan carried his burden of showing past persecution or a well-founded fear of persecution on account of a qualifying ground.

Necessarily, Baidwan cannot show that he was eligible for withholding of removal or relief under the Convention Against Torture because the standard of proof required to establish eligibility for both is higher than for establishing eligibility for

asylum. *Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

PETITION DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.